MOGEEB WEISS (SBN: 236087)
WEISS LAW, PC
1151 Harbor Bay Parkway, Suite 134
Alameda, CA 94502
Telephone: (510) 581-1857
Facsimile:  (650) 581-9493
mweiss@wslawgroup.com

Attorneys for Plaintiff
ST. FRANCIS ASSISI,
a California Non-Profit Mutual Benefit Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. FRANCIS ASSISI, a California Non-Profit Mutual Benefit Corporation<br><br>      Plaintiff<br>v.<br><br>KUWAIT FINANCE HOUSE; KUVEYT-TURK PARTICIPATION BANK INC., HAJJAJ AL AJMI; and DOES 1 to 200<br><br>      Defendants | **Case No.: CV-16-3240 LB**<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF ST. FRANCIS ASSISI TO EFFECT SERVICE OF PROCESS ON  KUWAIT FINANCE HOUSE, KUVEYT-TURK PARTICIPATION BANK INC.,  AND HAJJAJ AL AJMI BY ALTERNATIVE MEANS UNDER RULE 4(F)(3); MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Judge: Hon. Laurel Beeler<br>Date:  October 6, 2016<br>Time:  10:00 a.m.<br>Ctrm:  C-15the Floor |

-1-

NOTICE OF MOTION, MOTION OF PLAINTIFF TO EFFECT SERVICE OF PROCESS ON DEFENDANTS BY ALTERNATIVE MEANS UNDER RULE 4(F)(3) MEMO OF P&A

**TO THE HONORABLE LAUREL BEELER, KUWAIT FINANCE HOUSE; KUVEYT-TURK PARTICIPATION BANK INC., and HAJJAJ AL AJMI**

**PLEASE TAKE NOTICE THAT** on October 6, 2016, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Laurel Beeler located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff St. Francis Assisi ("St. Francis") will and hereby does move this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure for an Order permitting St. Francis to effect service of process on Defendants Kuwait Finance House and Kuveyt-Turk Participation Bank, Inc., (collectively, the "Banks") through their counsel of record in San Francisco, and to effect service of process on Defendant Hajjaj Al Ajmi ("Ajmi") via the social media platform Twitter.

**PLEASE TAKE FURTHER NOTICE THAT** this Motion is made pursuant to Federal Rules of Civil Procedure 4(f)(3) which permits the Court to authorize the St. Francis to serve Defendants through alternative means, provided that the means are not prohibited by any international agreement and the methods comport with due process.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Mogeeb Weiss filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated: August 26, 2016                                WEISS LAW, PC

By: _____
Mogeeb Weiss Attorneys for Plaintiff
ST. FRANCIS ASSISI a California Non-Profit Mutual Benefit Corporation

-2-

NOTICE OF MOTION, MOTION OF PLAINTIFF TO EFFECT SERVICE OF PROCESS ON DEFENDANTS BY ALTERNATIVE MEANS UNDER RULE 4(F)(3) MEMO OF P&A

WEISS LAW, PC
1151 Harbor Bay Parkway, Suite. 134
Alameda, CA 94502

# MEMORANDUM OF POINTS & AUTHORITIES

## I.     INTRODUCTION

St. Francis attempted to effectuate formal service of process on Defendant Kuveyt-Turk Participation Bank, Inc., using the Central Authority designated pursuant to Hague Service Convention. Turkey is a signatory to the Hague Service Convention. However, the Central Authority refused to accept the Summons and Complaint without justification. Kuwait is not a signatory to the Hague Service Convention.[1] Nevertheless, St. Francis attempted to serve the Central Authority designated by the Kuwaiti government to receive service. Kuwait's Central Authority refused to accept the Summons and Complaint.

Defendant Hajjaj Al Ajmi is a Kuwaiti national whose whereabouts is unknown but whose fundraising activities in the social media platform Twitter is unabashedly continuous and strong.

On or about August 15, 2016 Attorney David C. Kiernan of Jones Day lawfirm in San Francisco emailed St. Francis' principle Thomas Cereal stating that he serves as outside counsel for the Banks.[2]  On August 23, 2016, through counsel St. Francis asked Mr. Kiernan to accept service of the summons and complaint.[3] Mr. Kiernan has not replied. Mr. Kiernan's colleague, Attorney Fahad Habib, was included in the email.

## II.     DISCUSSION

### A.     The Proposed Means of Service Are Note Prohibited by International Agreement

#### 1.     **The Banks**

The United States and Turkey are signatories to the Hague Service Convention. Article 2 of the Convention provides that "each contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States." Hague Convention

---

[1] Please see https://www.hcch.net/en/instruments/conventions/status-table/?cid=17
[2] Please see the Declaration of Mogeeb Weiss for a copy of the email
[3] Please see Declaration of Mogeeb Weiss for a copy of the email

WEISS LAW, PC
1151 Harbor Bay Parkway, Suite. 134
Alameda, CA 94502

on Service Abroad of Judicial and Extrajudicial Documents art. 2, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

Article 10, in turn, allows for service of process through alternative means such as "postal channels" and "judicial officers," provided that the destination state does not object to those means. *Id.* art. 10. Turkey has objected to the means listed in Article 10,[4] although that objection is specifically limited to the means of service enumerated in Article 10. "Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]"[5] Therefore, the Court is at liberty to authorize service through counsel in San Francisco if due process is satisfied.

### 2. <u>Ajmi</u>

Ajmi maintains a strong presence in the social media platform, Twitter. Through his activities in Twitter, Ajmi raised hundreds of thousands of dollars for the terrorist organization subject to this lawsuit. The United Nation Security Counsel and United States placed Ajmi on sanction list – travel ban and asset freeze.[6] The Ninth Circuit states the following:

> **"We hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)"**[7]

As stated, Kuwait is not a signatory to the Hague Service Convention and Ajmi will never voluntarily make himself available for service. Therefore, the Court can order service through the social media platform Twitter if due process is met.

//

---

[4] *See* Declarations, Reservations, Hague Conference on Private International Law
https://www.hcch.net/en/states/authorities/notifications/?csid=425&disp=resdn

[5] *Gurung v.Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)
[6] http://english.alarabiya.net/en/News/middle-east/2014/08/21/Kuwait-arrests-suspected-Qaeda-financier-.html
[7] *Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002)

### B.  Due Process

Constitutional due process requires that the means of service apprise the interested parties of the pendency of the action and afford them an opportunity to present objections.[8] Here, service through counsel is reasonably calculated to provide the Banks with notice of the pendency of action. Service through Twitter is reasonably calculated to apprise Ajmi of the pendency of action because Ajmi uses Twitter to raise funds and communicate with his follower.

### C.  Service By the Proposed Means Is Warranted Here

Turkey and Kuwait's central authority unjustifiably refused to accept service. The Banks are aware of the lawsuit. St. Francis emailed the Turkish bank directly. A major newspaper in Turkey discussed the case in its daily paper widely available in Turkey. Kuwait Finance House issued a statement indicating knowledge of the lawsuit and promising to litigate.[9]

Therefore, in order to end the delaying tactics, and move the litigation forward, the Court's intervention is warranted.

As to Ajmi, he will never voluntarily accept service. A skip trace can never locate him. Given his activities, his whereabouts can never be determined by St. Francis. On the Thus, the Court's intervention is necessary.

### III.  CONCLUSION

The Central Authority of Turkey and Kuwait intentionally refused to accept the service of complaint and summons. Service on the Banks' outside counsel is reasonably calculated to apprise the Banks of the pendency of action and to afford them an opportunity to present objection. Similarly, St. Francis will never be able to serve Ajmi in Kuwait. His whereabouts is unknown. Through the social media platform Twitter, Ajmi raises funds and communicates with his followers. Thus, service via Twitter is reasonably calculated to apprise Ajmi of the pendency of action and

---

[8]  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)
[9]  Please see the declaration of Mogeeb Weiss

-5-

NOTICE OF MOTION, MOTION OF PLAINTIFF TO EFFECT SERVICE OF PROCESS ON DEFENDANTS BY ALTERNATIVE MEANS UNDER RULE 4(F)(3) MEMO OF P&A

afford him an opportunity to present objections. St. Francis respectfully requests that the Court grant this Motion and Order that service of process on the Banks be affected via counsel in San Francisco and on Ajmi via Twitter.

Dated: August 26, 2016                    WEISS LAW, PC

By: _____
Mogeeb Weiss Attorneys for Plaintiff
ST. FRANCIS ASSISI a California Non-Profit Mutual Benefit Corporation

WEISS LAW, PC
1151 Harbor Bay Parkway, Suite. 134
Alameda, CA 94502

-6-

NOTICE OF MOTION, MOTION OF PLAINTIFF TO EFFECT SERVICE OF PROCESS ON DEFENDANTS BY ALTERNATIVE MEANS UNDER RULE 4(F)(3) MEMO OF P&A