UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ST. FRANCIS ASSISI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KUWAIT FINANCE HOUSE; KUVEYT-TURK PARTICIPATION BANK INC., HAJJAJ AL AJMI; AND DOES 1 TO 200<br><br>　　　　　Defendants. | Case No. 3:16-cv-3240-LB<br><br>**ORDER GRANTING MOTION TO SERVE PROCESS BY ALTERNATIVE MEANS**<br><br>Re: ECF No. 10 |

## INTRODUCTION

The plaintiff, St. Francis Assisi (a non-profit corporation), sued the defendants, Kuwait Finance House, Kuveyt-Turk Participation Bank Inc., and Hajjaj al-Ajmi (an individual) for damages and equitable relief arising from the defendants' financing of the terrorist organization known as the Islamic State of Iraq and Syria (ISIS), which resulted in the targeted murder of Assyrian Christians in Iraq and Syria. (*See* Compl., ECF No. 1.)

St. Francis has not been successful in serving process on al-Ajmi. (*See* ECF No. 10.) Al-Ajmi is a Kuwaiti national and efforts to locate him have been unsuccessful. (*Id.*) St. Francis now asks to serve al-Ajmi by alternative means under Federal Rule of Civil Procedure 4(f)(3) via the social-media platform, Twitter. (*Id.*) The court grants St. Francis's request because service via Twitter is reasonably calculated to give notice and is not prohibited by international agreement.

ORDER — No. 16-cv-02018-LB

**STATEMENT**

On June 13, 2016, St. Francis filed the complaint. (*See* Compl., ECF No. 1.) The summons too was issued on June 13, 2016. (*See* Summons, ECF No. 6.) Service has not been effected on al-Ajmi. (*See* ECF No. 10.) St. Francis attempted to locate al-Ajmi through a skip trace; however, St. Francis was unable to determine al-Ajmi's whereabouts. (*Id.*) Kuwait is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; previous attempts to serve defendant Kuwait Finance House through Kuwait's Central Authority (Kuwait's specified means of international service) were unsuccessful, as Kuwait's Central Authority refused to accept the summons and complaint. (*Id.*)

Al-Ajmi has a large following on Twitter and has used the social-media platform to fundraise large sums of money for terrorist organizations by providing bank-account numbers to make donations. (*Id.*) Al-Ajmi frequently travels from Kuwait to deliver money to Al-Nusrah Front (another terrorist group) in Syria. U.S. Dep't of Treasury, *Treasury Designates Three Key Supporters of Terrorists in Syria and Iraq* (2014). On August 6, 2014, the U.S. Treasury Department sanctioned al-Ajmi as a key supporter of terrorists in Syria by freezing his U.S. assets and banning American entities from doing business with him. *Id*.

**ANALYSIS**

Federal Rule of Civil Procedure 4(f) establishes three mechanisms for serving an individual in a foreign country: 1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those provided by the Hague Convention; 2) if there is no international means or no means specified then by means reasonably calculated to give notice; or 3) by other means not prohibited by international agreement, as the court orders. *See* Fed. R. Civ. P. 4(f).

Courts have applied Rule 4(f) to allow the order of any means of service as long as it comports with due process and: 1) it provides "notice reasonably calculated, under all circumstances to apprise interested parties of the pendency of the action and afford[s] them an opportunity to present their objections"; and 2) it is not prohibited by international agreement. *Rio Props., Inc v. Rio Int'l Interlink*, 284 F.3d 1007, 1014, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Courts have authorized service by social media in similar cases. For example, in *WhosHere,*

*Inc. v. Gokhan Orun*, the district court authorized service on a defendant residing in and having his principal place of business in Turkey by email and the social-media platforms, Facebook and LinkedIn. 2014 WL 670817 (E.D. Va. Feb. 20, 2014). Defendant did business under the trade names "WhoNear" and "whonearme" in violation of the plaintiff's trademarked name, "WhosHere." *Id.* at 1. Plaintiff Orun attempted to serve process through Turkey's Ministry of Justice in accordance with Rule 4(f)(1) and the Hague Convention; however, the summons and complaint were returned because the defendant could not be located with the address on record. *Id.* at 1-2. The court granted service by email, Facebook, and LinkedIn because notice through these accounts was reasonably calculated to notify the defendant of the pendency of the action and was not prohibited by international agreement. *Id.* at 3-4. The three accounts were under defendant Orun's name and contained information about his "WhoNear" business. *Id.* at 4.

In *Federal Trade Commission v. PCCare Inc.*, the court also authorized service by email and Facebook to defendants located in India. 2013 WL 841037 (S.D.N.Y. March 7, 2013). According to the FTC, the five defendants employed a scheme tricking American consumers into spending money to fix alleged problems with their computers. *Id.* at 1. The FTC attempted to serve the defendants through the Indian Central Authority in accordance with Rule 4(f)(1) and the Hague Convention. *Id.* The Indian Central Authority did not serve the defendants and did not respond to the FTC's status inquiries. *Id.* The court granted service by email and Facebook because these channels were reasonably calculated to notify the defendants and were not prohibited by international agreement. *Id.* at 3-4. The email addresses and Facebook accounts were registered under the defendants' names and used frequently for communication. *Id.* at 4.

As in *WhosHere* and *PCCare*, service by the social-media platform, Twitter, is reasonably calculated to give notice to and is the "method of service most likely to reach" al-Ajmi. *See Rio Properties,* 284 F.3d at 1017. Al-Ajmi has an active Twitter account and continues to use it to communicate with his audience. Service by Twitter is not prohibited by international agreement with Kuwait.

**CONCLUSION**

The court grants St. Francis's motion to serve of process by Twitter. St. Francis may use Twitter to serve process on al-Ajmi.

**IT IS SO ORDERED.**

Dated: September 30, 2016

_____
LAUREL BEELER
United States Magistrate Judge