MOGEEB WEISS (SBN: 236087)
WEISS LAW, PC
1151 Harbor Bay Parkway, Suite 134
Alameda, CA 94502
Telephone: (510) 581-1857
Facsimile:  (650) 581-9493
mweiss@wslawgroup.com

Attorneys for Plaintiff
ST. FRANCIS ASSISI,
a California Non-Profit Mutual Benefit Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ST. FRANCIS ASSISI, a California Non-Profit Mutual Benefit Corporation<br><br>                    Plaintiff<br>v.<br><br>KUWAIT FINANCE HOUSE; KUVEYT-TURK PARTICIPATION BANK INC., HAJJAJ AL AJMI; and DOES 1 to 200<br><br>                    Defendants | **Case No.: CV-3:16-3240-JSW**<br><br>**ST. FRANCIS ASSISI'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**Judge:**   Hon. Jeffrey S. White<br>**Date:**    December 16, 2016<br>**Time:**    9:00 a.m.<br>**Ctrm:**    5 |

-1-

## INTRODUCTION

Plaintiff St. Francis Assisi ("SFA") seeks recovery of damages resulting from and related to Kuwait Finance House and Kuveyt-Turk Participation Bank, Inc., (collectively, the "Banks") violations of Anti–Terrorism Act 18 U.S.C. §§ 2339A, 2339B and 2339C (the "ATA"). SFA alleges in its complaint that the Banks continuously, knowingly, directly, and wilfully provide, distribute, and administer the distribution of financial benefits, money and financial services to the terrorist organization known as the Islamic State Iraq Syria ("ISIS) which have killed, injured, and maimed civilians and continue to do so even inside the United States.

Defendants contend that the Court lacks personal jurisdiction, subject matter jurisdiction, and the complaint fails to state a claim to render relief. However, for reasons discussed, SFA urges this Court to consider the vital and significant policy considerations behind the ATA and not to foreclose the clear intent of the ATA by applying archaic technical rules of personal jurisdiction articulated in the recent Supreme Court cases. Nothing in the animus of the ATA renders it to a jurisdictional analysis usually reserved to traditional cases and controversies. Instead, the congressional intent in promulgating the ATA illustrates that Congress desired to make tort liability a proactive sword against terrorists' organizations and their financiers. Therefore, SFA urges this Court to decline the application of state-specific jurisdictional analysis under the Fourteenth Amendment as urged by the Banks and instead adopt the liberal and flexible due process analysis under the Fifth Amendment.

## STANDARD OF REVIEW

**Lack Of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion may be either "facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint." <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004). If a court elects to resolve a fact-based Rule 12(b)(1) motion without an evidentiary hearing, it must accept the factual allegations of the complaint as true. <u>McLachlan v.</u>

-2-

*Bell*, 261 F.3d 908, 909 (9th Cir. 2001).

In this case, the jurisdictional questions presented are legal matters that the Court can answer by examining the governing case law and statutes. Accordingly, the Court need not resolve any disputed factual issues to determine whether it possesses subject matter jurisdiction.

**Lack of Personal Jurisdiction**

Fed.R.Civ.P.12 (b)(2) governs dismissal for lack of personal jurisdiction. In order to exercise personal jurisdiction over a nonresident-defendant in a case presenting a federal question, the district court must first determine that "a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process." *Go-Video, Inc. v. Akai Electric Co., Ltd*., 885 F.2d 1406, 1413 (9th Cir.1989).

It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir.1984). The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Technology Assoc., Inc*., 557 F.2d 1280, 1285 (9th Cir.1977). However, if the Court decides the motion without holding an evidentiary hearing, the Plaintiff only needs to make a prima facie showing of jurisdictional facts to defeat the motion to dismiss. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir.1995)

**Failure To State A Claim**

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and draw reasonable inferences in the plaintiff's favor. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Inquiry into the adequacy of the evidence is improper. *Enesco Corp. v.*

-3-

*Price/Costco, Inc*., 146 F.3d 1083, 1085 (9th Cir. 1998). A court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## ARGUMENT

### I. THIS COURT SHOULD APPLY THE DUE PROCESS ANALYSIS OF THE FIFTH AMENDMENT TO EXERCISE PERSONAL JURISDICTION OVER THE BANKS.

The Banks contend that this Court lacks personal jurisdiction because the Banks are not "*at home*" in California, and the complaint does not arise because of the Banks' contacts with California. The Banks raise the traditional state-specific objection to jurisdiction pursuant to the Fourteenth Amendment. However, the United States Supreme Court has not addressed the issue of due process under the Fifth Amendment as clearly as it has under the Fourteenth Amendment. In this Opposition, SFA urges this Court to consider personal jurisdiction under the ATA from a Fifth Amendment due process analysis. If the Court declines to find personal jurisdiction because of state-specific analysis of the Fourteenth Amendment, the ATA as a tool and mechanism to deprive terrorists of financing will be rendered futile, and the congressional intent to open the Court's doors to tort liabilities against the financiers of terrorists will be shut permanently.

### A. Personal Jurisdiction under the Fourteenth Amendment

Due process under the Fourteenth Amendment acts to ensure a defendant is not subject to suit in a state in which he does not have sufficient minimum contacts or has not conducted substantial activity. At its core, the Fourteenth Amendment Due Process Clause is a doctrine meant to uphold state sovereignty and is a check on the courts of each state. *Pennoyer v. Neff*, 95 U.S. 714, 722-23 (1877).

But, in two recent cases the Supreme Court narrowed the scope of when a nonresident defendant may be subject to general jurisdiction in a state. In *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 918 (2011) ("*Goodyear"*) the Court said that Goodyear's foreign subsidiaries

were in no sense at home in North Carolina. Their connections to North Carolina "fell far short of the continuous and systematic general business contacts necessary to empower North Carolina to entertain suit against them on claims unrelated to anything that connects them to the State." *Id.* 919.

In *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) ("*Daimler*") the Court addressed the issue of whether the Due Process Clause of the Fourteenth Amendment precludes the District Court from exercising jurisdiction over Daimler. The issue was state-specific – whether jurisdiction over the corporation was constitutional in California. *Id*. 751 (emphasis added) The Court said California cannot exercise jurisdiction over Daimler because Daimler was not at home in California. *Id*. 762.

However, if this Court adopts the traditional and state-specific analysis articulated in *Daimler* and *Goodyear* the congressional intent behind the ATA and the ATA itself will soundly be defeated. If a Plaintiff prosecuting an action under the ATA is forced to show that the defendant terrorist financiers has continuous and systematic general business contacts with the state, then the scope of the ATA will be significantly curtailed from an expansive litigation tool exposing terrorists and their financiers wherever they maybe to tort liability to a state-specific and territorially restricted only case & controversy. This traditional analysis of jurisdiction is ill suited for prosecution of cases under the ATA. Thus, the Banks contention that this Court lacks personal jurisdiction because California is not their home is a technical ploy geared to frustrate the intent of the ATA.

### B. Personal Jurisdiction Under the Fifth Amendment

Personal jurisdiction over a defendant in federal court is governed by the Due Process Clause of the Fifth Amendment. *Omni Capital Intil, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 100 (1987). The due process analysis of the Fifth Amendment allows this Court to look into the aggregate national contacts of the Banks with the United States and exercise personal jurisdiction even in the absence of contacts with the forum state sufficient to pass due process muster. *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir.1974.) To aggregate the national contacts of the Banks in

-5-

order to obtain personal jurisdiction is not unfair or unreasonable if assessed through the Fifth Amendment standards.[1] Thus, SFA urges this Court to adopt a flexible analysis of due process under the Fifth Amendment to obtain personal jurisdiction over the Banks.

### C.   Federal Rule of Civil Procedure 4(k)(2)

The statutory basis for foreign defendants-when they are outside the reach of a federal long-arm provision or a state long-arm statute-is granted by Federal Rule of Civil Procedure 4{k)(2).[2] Rule 4(k)(2) requires the plaintiff asserting jurisdiction over a defendant to satisfy three elements: (1) the claim arises under federal law; (2) no state court of general jurisdiction has personal jurisdiction over the defendant; and (3) the federal court's exercise of personal jurisdiction is "consistent with the Constitution or other federal law." *Estates of Ungar ex rel. Strachman v. Palestinian Auth.*, 153 F. Supp. 2d 76, 92 (D.R.I. 2001) ( first citing United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 38 (1st Cir. 1999); then citing Fed. R. Civ. P. 4(k)(2)).

Plaintiffs who bring claims under the ATA must satisfy each of these three requirements. *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 807 (S.D.N.Y. 2005) Thus, Rule (4)(k)(2) serves as a statutory basis for asserting jurisdiction in Federal Court over foreign defendants that violate the ATA. *Mwani v. bin Laden*, 417 F.3d 1, 10 (D.C. Cir. 2005).

Applying the above principles to this case, the ATA is a federal law that grants SFA civil cause of action for tort claims against the Banks and entities affiliated with the Banks. As such, SFA meets the first prong. The Banks contend that it is a financial institution formed in Kuwait with no

---

[1] The constitutional validity of national contacts as a jurisdictional base is confirmed by those statutes which provide for nationwide service of process or service wherever defendant is "doing business" or "may be found." See, e.g., 28 U.S.C. §§ 1335, 1397, 2361 (1982) (interpleader actions); 28 U.S.C. § 1655 (1982) (actions seeking to assert rights in real or personal property); 28 U.S.C. § 1695 (1982) (shareholders' suit against corporation)

[2] FED. R. CIV. P 4(k)(2) (" Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.").

WEISS LAW, PC
1151 Harbor Bay Parkway, Suite. 134
Alameda, CA 94502

United States contacts.[3] Thus, SFA meets the second prong that no state court of general jurisdiction has personal jurisdiction over the Banks. Finally, SFA meets the third prong for a number of reasons. First, the Banks provided financial services to known and designated terrorists. Second, the financial services provided by the Banks allowed the terrorists to harm members of the SFA in their person and property.[4] Third, since 2004 the Banks have invested more than $800 million in United States health care and real estate sectors. Fourth, by harming members of the SFA in their person and property the Banks directed its actions against the United States and SFA's injuries arose out of those activities. These actions suffice to cause the Banks to reasonably anticipate being haled into an American Court. *Burger King*, 471 U.S. 462, 474 (1985.)

Therefore, SFA respectfully urges this Court to exercise personal jurisdiction over the Banks.

**II.    SFA HAS STANDING**

As a threshold issue, 18 U.S.C 2331(3) identifies the term "person" to mean any individual or entity capable of holding a legal or beneficial interest in property. Thus, the ATA does protect SFA. *Heaven Realty Corp v. Coleman* 455 US 363, 378-379 (1982). Further, at the pleading stage general factual allegations of injury from the Banks' conduct are sufficient to rebut a motion to dismiss. *Lujan v. National Wildlife Federation* 497 US 871, 889 (1990).

SFA can satisfy the Article III requirement of injury in fact if it can demonstrate (i) frustration of its organizational mission, and (ii) diversion of its resources reserved for its mission. *Fair housing of Marin v. Combs* 285 F.3d 899, 905 (2002). However, in *Doe v. Bolton* 410 US 179, 188, (1973) the Supreme Court said that the Plaintiffs[5] have standing despite absence of actual prosecution because the criminal statute complained of is directed against them.

---

[3] Motion pg. 4, line 8.

[4] Residency of the members of the SFA is irrelevant to the issue of personal jurisdiction *Calder v. Jones,* 465 U.S. 783, 788, (1984)

[5] Plaintiffs were doe, licensed physicians, nurses, and two nonprofit corporations *Id.* 185.

WEISS LAW, PC
1151 Harbor Bay Parkway, Suite. 134
Alameda, CA 94502

In this case, the complaint alleges that the Banks actions in providing financial services to known and designated terrorists harm the interests of the SFA and its members. The Banks actions are directly aimed at injuring the interests of the SFA and its members. Thus, pursuant to *Doe*, SFA has standing under Article III.

### III.     SUFFICIENCY OF THE CLAIM

#### A.     SFA Is A Citizen Of The United States

18 U.S.C 2331(2) states that the term "national of the United States" has the meaning given such term in section 101(a)(22) of the Immigration and Nationality Act. The latter states that "national of the United States" means (A) a citizen of the United States, or (B) a person[6] who, though not a citizen of the United States, owes permanent allegiance to the United States. A corporation's citizenship is determined in two ways: (1) by the state in which it was organized or incorporated; and (2) by the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1.) The Banks state that SFA is incorporated in the State of California.[7] Thus, SFA's claim under the ATA is sufficient for purposes of this Motion.

#### B.     Knowledge & Proximate Cause

Paragraphs 11 through 26 of the complaint details aplomb the financing activities of the terrorist organizations that the Banks assisted. In *Ashcroft v. Iqbal* 129 S.Ct. 1937, 1949, the Court said "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In this case, Paragraphs 11 through 26 of the complaint identifies the account number used by the terrorists, the Twitter handle, the manner of raising funds, and even after Interpol's notice for the arrest of the terrorist, the continued banking activities of the terrorist organization supported by the Banks.

---

[6] 18 U.S.C 2331(3) identifies the term "person" to mean any individual or entity capable of holding a legal or beneficial interest in property.

[7] Motion pg. 1 lines 12-13

-8-

ST. FRANCIS ASSISI'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Applying the principles in *Ashcroft*, SFA has alleged a plausible claim for relief that allows this Court to draw on its judicial experience for a context specific analysis. *Id*. 150.

### C.      Banks Financial Service To Terrorist Is Dangerous To Human Life

The Banks contend that their financial activities in helping the terrorists do not fit within the definition of International Terrorism articulated in 18 U.S.C 2331(1). The Banks wish to turn this Motion for Dismiss into a Motion for Summary Judgement without the threshold evidentiary offering. But, as the Seventh Circuit in <u>Boim v. Holly Land Foundation</u> 549 F.3d 685 (7th Circ. 2008) observed monetary support to a terrorist organization is equivalent to giving a loaded gun to a child, and is dangerous to human life. The Banks offered its resources to a terrorist and terrorist organization, which in essence facilitated the murder of innocent lives.

### D.      Aiding & Abetting

The Banks contend that the principles of civil aiding and abetting apply under the ATA, and the Banks must have knowledge and provide substantial assistance to be liable. The Banks reading of the ATA is misplaced. The Court in <u>Holder v. Humanitarian Law Project</u> 130 S.Ct. 2705 (2010) said the only knowledge required was the knowledge that the organization was a terrorist organization or engaged in terrorist activities. In this case, after defendant Ajmi was designated a terrorist by the United States and United Nation's Security Counsel, the Banks continued to provide financial services. At this stage of pleading, the complaint is sufficient.

### E.      Alien Tor Claims & Financing Convention

In <u>Almog v. Arab Bank PLC</u> 471 Supp.2d 257 (2007) relying on the Supreme Court's decision in <u>Sosa v. Alvarez- Machain</u> 542 US 692 (2004) the Court at length discussed that under circumstances a cause of action under the Alien Tort Claims Act is allowed. In this case the Banks copy and paste the argument that the Defendant in <u>Almog</u> raised. However, SFA urges this Court to follow the analysis in <u>Almog</u> and find a cause of action under the ATS.

WEISS LAW, PC
1151 Harbor Bay Parkway, Suite. 134
Alameda, CA 94502

**CONCLUSION**

The Banks are nothing more than terrorists in suits. Their role in the murder of innocent people is as steep as the infantry they finance. SFA respectfully urges this Court to deny the Banks Motion and send a clear message to terrorist financiers that our judicial system cannot be used to undermine our laws.

Dated: November 17, 2016                                    WEISS LAW, PC

By: _____
Mogeeb Weiss Attorneys for Plaintiff
ST. FRANCIS ASSISI a California Non-Profit Mutual Benefit Corporation