**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. FRANCIS ASSISI,<br><br>  Plaintiff,<br><br>  v.<br><br>KUWAIT FINANCE HOUSE, et al.,<br><br>  Defendants. | Case No. 16-cv-03240-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 29 |

Now before the Court for consideration is the motion to dismiss filed by Defendants Kuwait Finance House ("KFH") and Kuvet-Turk Participation Bank, Inc. ("KTPB") (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for February 3, 2017, and it GRANTS Defendants' motion, with leave to amend.

**BACKGROUND**

Plaintiff St. Francis Assisi ("SFA") is a California non-profit mutual benefit corporation, which was formed on or about June 6, 2016 to "assist persecuted Christians." (Compl. ¶ 3, Defendants' Request for Judicial Notice and Declaration of David C. Kiernan, Ex. A (Articles of Incorporation).)[1]  SFA alleges that its members are "Assyrian Christians who own property in Iraq and Syria and who have been systematically subjected to unprovoked killings and displacement

---

[1] Defendants ask the Court to take judicial notice of SFA's articles of incorporation. SFA does not object and does not dispute the authenticity of the articles. Because the articles are public record, the Court may and does take judicial notice of them. *See* Fed. R. Evid. 201(b).

1  into refugee camps by the terrorist organization Islamic State of Iraq and Syria ("ISIS")."  (Compl.
2  ¶ 3.)
3         SFA alleges that KFH is "a bank established in the State of Kuwait," which "operates in
4  Turkey and several other Islamic States."  (*Id.* ¶ 4.)  According to SFA, KFH owns KTPB, a
5  private financial institution, and it "directs and manages the policy and organization of KFH [*sic*]."
6  (*Id.* ¶ 5.)[2]  SFA also alleges that KTPB holds accounts and has accepted funds in the name of
7  Hajjaj al-Ajmi, whom the United States and the United Nations have designated as a terrorist
8  financier for al-Qaeda.[3]  SFA alleges Hajjaj al-Ajmi has raised funds for ISIS, and other
9  organizations, and has directed that these funds be deposited in accounts at KTPB.  (*Id.* ¶¶ 8-24.)
10 According to SFA, Defendants have violated and have aided and abetted violations of the
11 Antiterrorism Act, 18 U.S.C. sections 2331, *et seq.* because they "knowingly, directly, and
12 willfully provide and distribute, and administer the distribution of financial benefits, money and
13 financial services to" ISIS and other organizations.  (*Id.* ¶¶ 1, 27-37.)[4]
14    The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.  SFA Fails to Allege it Has Standing.**

17        Defendants move to dismiss, in part, for lack of Article III standing, pursuant to Federal
18 Rule of Civil Procedure 12(b)(1).  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir.
19 2011); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A motion to dismiss under Rule
20 12(b)(1) may be "facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

---

[2] Looking at the allegations in context, the second reference to KFH in paragraph 5 appears to by a typographical error.  The Court shall assume that SFA alleges that KFH "directs and manages the policy" of KTPB.

[3] SFA also has named Hajjaj al-Ajmi, who has not yet appeared, as a defendant.

[4] SFA also asserts five additional counts based on the same underlying facts for: (1) "financing terrorism in violation of the law of nations"; (2) "aiding and abetting, complicity, participating in a joint venture, and/or reckless disregard to engage in acts of genocide in violation of the law of nations"; (3) "aiding and abetting, intentionally facilitating, and/or recklessly disregarding crimes against humanity in violation of international law"; (4) "assisting in the intentional injury of others by a third party"; and (5) "reckless disregard."

United States District Court
Northern District of California

1   2004).

2   Defendants make a facial attack on SFA's standing, and they also make a factual attack by
3   putting forth evidence that SFA was not formed until one week before it filed the lawsuit and,
4   thus, could not have suffered an injury prior to that date. When the Court is presented with a
5   facial attack on jurisdictional issues, it must take the factual allegations of the complaint as true.
6   *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general
7   factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion
8   dismiss, [courts] presume that general allegations embrace those specific facts that are necessary
9   to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to
10  have those facts construed in the light most favorable to it.

11  In contrast, a factual attack on subject matter jurisdiction occurs when a defendant
12  challenges the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at
13  733; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant
14  raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent
15  proof,' under the same evidentiary standard that governs in the summary judgment context."
16  *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district
17  court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on
18  disputed factual issues[.]" *Id.* at 1121-22 (citing *Safe Air for Everyone*, 373 F.3d at 1039-40,
19  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983), and *Thornhill*, 594 F.2d at 733).

20  In order for a plaintiff to establish standing, it must show it: "(1) suffered injury in fact, (2)
21  that is fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed
22  by a favorable judicial decision." *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S.Ct. 1540, 1547 (2016)
23  (citing *Lujan*, 504 U.S. at 560-61). SFA must "'clearly allege ... facts demonstrating' each
24  element." *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975)). SFA argues that it has alleged
25  injury in its own right and relies on *Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir.
26  2002). In that case the Ninth Circuit held that an organization had standing to sue in its own right
27  for violations of the Fair Housing Act, where it alleged facts to show that the defendant's conduct
28  caused a "drain on its resources from both a diversion of its resources and frustration of its

1   mission." *Id.* at 905.  SFA's Complaint does not contain any facts to support this theory of

2   standing.  (*See, e.g.,* Compl. ¶¶ 1-2, 32, 57, 59, 68.)  SFA has failed to allege facts to show it has

3   standing in its own right.

4         Defendants also argue that SFA fails to allege facts to show it has standing to sue on behalf

5   of its members, which appears to be theory of standing alleged in the Complaint.  (*See* Compl. ¶¶

6   2, 32, 57, 59 (alleging generally that SFA members suffered personal injuries and injury to

7   property).)  To the extent SFA is attempting to sue on behalf of its members, it must show: "(a) its

8   members would have otherwise have standing to sue in their own right; (b) the interests it seeks to

9   protect are germane to [its] purposes; and (c) neither the claim asserted nor the relief requested

10  requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple*

11  *Advertising Com'n*, 432 U.S. 333, 343 (1977).  SFA has not addressed this argument in its

12  opposition, but it continues to assert Defendants' actions are directly aimed at injuring the interests

13  of the SFA and its members."  (Opp. Br. at 8:3-4.)  Therefore, the Court will not treat the

14  argument as conceded.

15        Based on the allegations in the Complaint, and in light of the fact that the Court can take

16  judicial notice of its articles of incorporation, which set forth its purpose, SFA could satisfy the

17  second prong of the associational standing test.  However, SFA has not identified an individual

18  member who would otherwise have standing to sue for the claims asserted.  Therefore, it has not

19  alleged facts to satisfy the first prong of the associational standing test. *See United Food and*

20  *Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 555 (1996).  In

21  addition, SFA seeks only monetary relief, either in the form of damages or restitution.  (*Id.* at p.

22  9:14-19, 14:10-16, 15:3-9, 16:12-18, 17:14-22, 18:16-24, and Prayer for Relief.)  In general, a

23  claim for damages requires the participation of individual members, because these claims require

24  individual proof. *See, e.g., United Union of Roofers, Waterproofers, & Allied Trades No. 40 v.*

25  *Ins. Corp. of America*, 919 F.2d 1398, 1400 (9th Cir. 1990).

26        The Supreme Court has stated that the third prong of the associational standing test "is best

27  seen as focusing on ... matters of administrative convenience and efficiency, not on elements of a

28  case or controversy within the meaning of the Constitution." *United Food*, 517 U.S. at 557

4

(finding union could sue for damages on behalf of its members because Congress provided for such a claim in the WARN Act). Although the third prong may be based on prudential concerns, the Court also concludes SFA fails to allege facts to satisfy the third prong of the test, because of the nature of the injuries alleged.

Accordingly, the Court GRANTS Defendants' motion to dismiss for lack of standing.[5] Because the Court cannot say it would be futile, it shall grant SFA leave to amend.

**B.     SFA Fails to Show the Court Has Jurisdiction over the Defendants.**

Defendants also move to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(2), on the basis that the Court lacks personal jurisdiction over them. SFA bears the burden to establish personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss .... That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (holding that where the trial court rules on jurisdictional issue based on affidavits and without holding an evidentiary hearing, the plaintiff need only make a prima facie showing).

Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. To the extent parties present evidence, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In this case, the parties have not presented any evidence on the question of jurisdiction, and SFA has not asked for jurisdictional discovery.

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of*

---

[5]     Although Hajjaj al-Ajmi has not yet appeared, this ruling applies equally to the claims against him.

*Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)).  Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same.  *Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with a forum state.  The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).  The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

As a preliminary matter, SFA cites to Federal Rule of Civil Procedure 4(k), in support of its argument that the Court has personal jurisdiction over the Defendants.  Rule 4(k) provides, in part, that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."  Fed. R. Civ. P. 4(k)(2).  However, service under Rule 4(k) alone will not establish jurisdiction.  The Court still must evaluate whether exercise of jurisdiction is consistent with the Constitution and the laws of the United States.  Fed. R. Civ. P. 4(k)(2)(B); *see also Mwani v. BinLaden*, 417 F.3d 1, 11 (D.C. Cir. 2005); *Doe v. Unocal Corp.*, 248 F.3d 915, 921-22 (9th Cir. 2001).  Therefore, the Court turns to whether SFA has alleged that Defendants have the requisite minimum contacts with the United States or with California.

In order to show a court has general jurisdiction over a defendant, a plaintiff must show a defendant's affiliations with a forum state are "so continuous and systematic as to render [it] essentially at home in the forum state."  *Daimler AG v. Bauman*, __ U.S. __, 134 S.Ct. 746, 754 (2014). SFA alleges no facts in the Complaint to show that either KFH or KTPB is "essentially at home" in the United States or in California, and it has not presented any evidence to support such a showing.  SFA fails to allege facts to show the Court would have general jurisdiction over the

6

1  Defendants. *Cf. Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332-335 (2d Cir. 2016).

2  Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully
3  directed his or her activities at residents of the forum state or in the forum state itself; (2) the
4  plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal
5  jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802; *see also Burger King Corp.*
6  *v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the burden of satisfying the first
7  two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is
8  not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted).
9  "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden
10 then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not
11 be reasonable." *Menken*, 503 F.3d at 1057 (internal quotations and citations omitted). The
12 "purposeful availment" prong, "includes both purposeful availment and purposeful direction. It
13 may be satisfied by purposeful availment of the privilege of doing business in the forum; by
14 purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La*
15 *Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006); *see also*
16 *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

17 SFA relies on the *Mwani* case, *supra*, to support its argument that the Court has personal
18 jurisdiction over the Defendants. In that case, however, the plaintiffs put forth evidence regarding
19 the defendant's contacts with the United States, including evidence and allegations to show those
20 contacts were purposefully directed at the United States. *See Mwani*, 417 F.3d at 11-14. In
21 contrast, the facts alleged in the Complaint are vague and conclusory. Thus, even considering
22 SFA's aiding and abetting claims, the Court concludes the allegations are insufficient to give rise
23 to a prima facie showing of specific jurisdiction. Finally, although SFA argues that Defendants
24 "have invested more than $800 million in United States health care and real estate sectors," those
25 facts are not in the Complaint. (Opp. Br. at 7:6-7.) Even if they were, SFA has not demonstrated
26 how or why they are related to the claims asserted.

27 The Court concludes SFA fails to meet its burden to show the Court has jurisdiction over
28 the Defendants. Accordingly, the Court GRANTS Defendants' motion to dismiss on this basis as

well.[6]  Because the Court cannot say it would be futile, the Court will grant SFA leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.  The Court GRANTS SFA leave to amend, if it can do so in good faith and in compliance with its obligations under Federal Rule of Civil Procedure 11.  If SFA chooses to file an amended complaint, it shall do so by no later than February 28, 2017.  For the reasons set forth in Magistrate Judge Beeler's Order authorizing service on Hajaj al-Ajmi by Twitter, SFA is HEREBY AUTHORIZED to serve the amended complaint on him by the same means.  Defendants shall answer or otherwise respond within twenty-one days of service of any amended complaint.

If SFA fails to file an amended complaint by February 28, 2017, the Court shall dismiss the case with prejudice for lack of standing and shall enter judgment in favor of each of the Defendants.

In light of this ruling, the Court HEREBY CONTINUES the case management conference scheduled for February 24, 2017 to April 21, 2017 at 11:00 a.m.  The parties shall file a joint case management statement on or before April 14, 2017.

**IT IS SO ORDERED.**

Dated: January 24, 2017

_____
JEFFREY S. WHITE
United States District Judge

---

[6] Defendants also move to dismiss each individual claim for relief for failure to state a claim, pursuant to Federal Rule Civil Procedure 12(b)(6).  In light of the Court's rulings on standing and personal jurisdiction, the Court does not reach these arguments.  If SFA amends, Defendants may renew them in a subsequent motion to dismiss.

8